**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2798-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

NICOLE K. CHOPP,

     Defendant-Appellant.

_____

> Argued June 4, 2024 – Decided September 27, 2024
>
> Remanded by the Supreme Court April 1, 2025
>
> Resubmitted April 1, 2025 – Decided April 22, 2025
>
> Before Judges Sumners and Smith.
>
> On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Municipal Appeal No. 22-016.
>
> Christina Vassiliou Harvey argued the cause for appellant (Lomurro Munson, LLC, attorneys; Christina Vassiliou Harvey, of counsel and on the briefs).
>
> Monica do Outeiro, Assistant Prosecutor, argued the cause for respondent (Raymond S. Santiago, Monmouth County Prosecutor, attorney; Monica do

Outeiro, of counsel and on the brief; Sarah Martinho,
on the brief).

PER CURIAM

Defendant Nicole K. Chopp appeals the Law Division order denying her de novo appeal. After a motor vehicle stop, defendant was charged in municipal court with N.J.S.A. 39:4-50, driving under the influence (DWI), among other motor vehicle violations. Defendant moved to suppress, challenging both the vehicle stop and her subsequent arrest. After a hearing in which the arresting officer testified, the municipal court denied the motion. Defendant entered a conditional plea to N.J.S.A. 39:4-50, then appealed the denial of her motion to the Law Division, which affirmed the order of the municipal court on trial de novo.

On appeal, defendant contends the Law Division exhibited bias against her when it requested a police incident report not in evidence below and challenged the legality of the plea agreement. Defendant also argues that the Law Division erred on the merits and should have granted her motion to suppress. We affirm but remand for resentencing for the reasons which follow.

I.

We glean the pertinent facts and procedural history from the record.

A-2798-22

Shortly after midnight, on April 3, 2021, defendant was traveling south in a pick-up truck on Routh 9 when she was spotted by Freehold Township Police Lt. L.A. Loos, an officer on duty that morning. Lt. Loos observed defendant's truck "having difficulty maintaining its lane." He saw the truck drift back and forth within its lane, and outside its lane. He activated his overhead lights and followed the pick-up truck for a brief distance until it came to a stop in the right shoulder, near a jughandle exit.

After defendant stopped, Lt. Loos approached the driver's side window, where he "immediately detected the . . . odor of an alcoholic beverage" coming from inside the truck. There were no passengers. Lt. Loos observed that defendant's eyes were "glassy and moderately bloodshot." Defendant admitted to the officer that she was coming from a bar, and had consumed "a few beers." She said she was headed home, but Lt. Loos, a veteran of thirty-two years on the local police force, immediately noted that she had missed her exit. The lieutenant directed defendant to step out of the car for sobriety testing. The record shows that Lt. Loos observed defendant failed to: keep her balance while attempting to perform the walk and turn test; recite a segment of the alphabet as instructed; and successfully perform the one-leg stand test. The officer then arrested defendant.

A-2798-22

Lt. Loos' dashcam video captured what he testified was the last thirty seconds of his pursuit of defendant's pickup truck, as well as her sobriety field-testing. On cross-examination, Lt. Loos testified that he observed defendant's erratic driving before his dashcam started recording.

Defendant was charged in municipal court with: DWI; reckless driving, N.J.S.A. 39:4-96; traffic on marked lanes, N.J.S.A. 39:4-88; failure to have license and related documentation, N.J.S.A. 39:3-29; and failure to notify the Motor Vehicle Commission of change of address, N.J.S.A. 39:3-36. Prior to trial, defendant moved to suppress the evidence which led to her arrest, arguing that Lt. Loos did not have: a reasonable and articulable suspicion to justify the vehicle stop or conduct field sobriety testing, or probable cause to arrest her.

The municipal court considered the testimony of Lt. Loos, as well as the dashcam video in evidence, and denied the motion to suppress. Defendant's Alcotest results were marked for identification but not used by either party for any purpose. The municipal court found Lt. Loos had reasonable suspicion for the vehicle stop. The court also found that the record, including video of defendant performing field sobriety tests, supported her arrest.

Defendant then entered a conditional guilty plea to a first-time offense under N.J.S.A. 39:4-50, pursuant to Rule 7:6-2(c). At sentencing, in accordance

4

with a plea agreement, the municipal court imposed a one-day license suspension, a two-day suspended jail term, twelve hours of Intoxicated Driver Resource Court, three months ignition interlock, as well as various mandatory fines, surcharges, assessments, and costs.

Defendant appealed to the Law Division, making essentially the same arguments she made before the municipal court. At the hearing, the Law Division asked counsel for Lt. Loos' incident report.[1] Trial counsel objected, stating the report was not in evidence below, and had been used exclusively to cross-examine Lt. Loos. The court ordered the report be produced for its review prior to deciding the motion. During the same colloquy, the court questioned trial counsel as to the legality of the plea agreement.

In an email sent to counsel, the Law Division ultimately advised the parties it did not require the report. The court then denied defendant's appeal, affirming the order of the municipal court.

In its statement of reasons, the Law Division found Lt. Loos credible, deferring to the findings of the municipal court judge. The court next found Officer Loos' testimony that defendant failed to maintain her truck in its proper

---

[1] Lt. Loos' incident report is referred to in the record as the April 3, 2021 O.P.C.I.M. report.

lane, combined with his other observations, "[was] enough to provide [the officer] with a reasonable and articulable suspicion that a violation of N.J.S.A. 39:4-88 had occurred." The court concluded Lt. Loos' vehicle stop was lawful.

The Law Division next turned to the question of whether defendant's investigative detention was supported by a reasonable and articulable suspicion that she was under the influence while operating her pickup truck. The court found the record sufficient. Again citing Lt. Loos' detailed observations, the court found that the totality of the circumstances supported a "reasonable and articulable suspicion of defendant's driving while intoxicated," justifying the field sobriety tests.

Finally, the court considered whether Lt. Loos had probable cause to arrest defendant for DWI. Citing the record, including defendant's sobriety test performance captured on video, the judge found probable cause existed.

Defendant then moved for the court's disqualification, contending that its order to produce the incident report and its inquiry about the legality of the plea were indicative of the court's improper bias. She also sought a stay pending appeal before the Law Division. The Law Division declined to recuse itself and denied the stay application.

Defendant appealed, arguing the following points:

A-2798-22

A. The Trial Court Deprived Defendant of a Fair DeNovo Hearing Requiring Reversal

B. The Trial Court Denied Defendant a Fair Hearing by Overlooking Issues with Lt. Loos' Credibility

II.

Whether a judge should disqualify himself or herself is a matter within the sound discretion of the judge. State v. McCabe, 201 N.J. 34, 45 (2010); Goldfarb v. Solimine, 460 N.J. Super. 22, 30 (App. Div. 2019). "Motions for recusal ordinarily require a case-by-case analysis of the particular facts presented." McCabe, 201 N.J. at 46. We review de novo whether the judge applied the proper legal standard. Id. at 45 (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). We summarized our "two-court" standard of review in State v. Triosi:

> Our review of a de novo decision in the Law Division is limited. State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005). We do not independently assess the evidence as if we were the court of first instance. State v. Locurto, 157 N.J. 463, 471 (1999). Rather, we focus our review on "whether there is 'sufficient credible evidence . . . in the record' to support the trial court's findings." State v. Robertson, 228 N.J. 138, 148 (2017) (alteration in original) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). Deference is especially appropriate when, as here, two separate courts have examined the facts and reached the same conclusion. Under the two-court rule, we do not ordinarily alter concurrent findings of fact and

7

credibility determinations made by two prior courts absent a very obvious and exceptional showing of error. Locurto, 157 N.J. at 474 (citation omitted). The trial court's legal rulings, however, are considered de novo. Robertson, 228 N.J. at 148. A "trial court's interpretation of the law and the consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Id. at 378).

[471 N.J. Super. 158, 164 (App. Div. 2022).]

### III.

### A.

We consider first defendant's claims that the Law Division showed impermissible bias against her by ordering production of Lt. Loos' report and questioning counsel regarding the legality of the conditional plea. We are not persuaded.

Rule 1:12-1 provides, in pertinent part:

The judge of any court shall be disqualified on the court's own motion and shall not sit in any matter. . . .

(g) when there is any other reason which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe

Similarly, the Code of Jud. Conduct r. 3.17(B) provides, in pertinent part:

Judges shall disqualify themselves in proceedings in which their impartiality or the appearance of their

8

impartiality might reasonably be questioned, including but not limited to the following:

> Personal bias, prejudice or knowledge. Judges shall disqualify themselves if they have a personal bias or prejudice toward a party or a party's lawyer or have personal knowledge of disputed evidentiary facts involved in the proceeding.

"Any party, on motion made to the judge before trial or argument and stating the reasons therefor, may seek that judge's disqualification." R. 1:12-2. "A movant need not show actual prejudice; 'potential bias' will suffice." Goldfarb, 460 N.J. Super. at 31. "[J]udges must avoid acting in a biased way or in a manner that may be perceived as partial." DeNike v. Cupo, 196 N.J. 502, 514 (2008) (emphasis in original). "[B]ias is not established by the fact that a litigant is disappointed in a court's ruling on an issue." State v. Marshall, 148 N.J. 89, 186 (1997). "[T]he belief that the proceedings were unfair must be objectively reasonable." Id. at 279.

The Law Division mistakenly determined that Lt. Loos' report was properly before it. The record shows that trial counsel and the court engaged in a contentious exchange over this issue. Nonetheless, the record also shows in the Law Division's letter of amplification that it did not consider the report in making its findings on the suppression motion. The Law Division's order is

9

supported by its statement of reasons, which in turn is grounded in the record below. We discern no reversible error.

Defendant also contends that the Law Division's inquiry about her DWI plea showed impermissible bias. We disagree.

In its statement of reasons, the Law Division correctly observed that it had the authority to ensure that court rules are followed. See Summit Trust Co. v. Baxt., 333 N.J. Super 439, 450 (App. Div. 2000). The record clearly showed that defendant's plea called for a one-day license suspension, a sentence not authorized under N.J.S.A. 39:4-50. In the context of an unauthorized sentence, we discern nothing in the record that would lead us to conclude the Law Division was biased in any way towards defendant. See State v. Medina, 349 N.J. Super. 109, 131 (App. Div. 2002).

B.

We address the merits of the suppression order next. Defendant argues that the Law Division erred by finding: Lt. Loos credible; that defendant failed to maintain her lane while operating the truck; and by not finding that Lt. Loos failed to comply with certain field sobriety testing standards.

We briefly dispose of the first two arguments, as they are grounded in defendant's dispute with facts found by both the municipal court and the Law

A-2798-22

Division.  Both courts found Lt. Loos credible with respect to his observations of defendant while driving her truck and immediately after she was stopped. Both courts made findings supported in part by their view of dashcam videos of defendant's truck on the highway and her field sobriety tests.  We defer to those findings since two separate courts have examined the facts and made the same findings.  We see no need under the two-court rule to alter concurrent findings of fact and credibility determinations made by the municipal court and the Law Division.  We discern no "obvious and exceptional showing of error" which would justify overturning the courts' findings.  Locurto, 157 N.J. at 474.

Next, defendant contends that Lt. Loos failed to administer the standard field sobriety tests in a "correct" manner, and that this deficiency negates probable cause.  She points to the record, which shows that Lt. Loos "last received training to perform field sobriety tests thirty years ago," and that he "never sought certification for the Horizontal Gaze Nystagmus Test (HGN)." The record shows the municipal court barred Lt. Loos from testifying about defendant's HGN test performance because he did not have the proper training. Nonetheless, both courts cited credible evidence in the record to support their findings.  That evidence included: Lt. Loos' observations of defendant's driving; his smelling an odor of alcohol coming from the truck; defendant's bloodshot

11

eyes; defendant's statement that she was coming from a bar and "had a few beers"; defendant's statement that she was headed home, even though she missed her exit; and the raw video footage of defendant attempting to walk outside of the truck after she was stopped.

Both courts reached their probable cause finding based on the totality of the evidence in the record. The courts below found Lt. Loos' dated field sobriety training and lack of certification on testing procedures did not defeat his overall credibility, citing to his thirty-two years of experience as a police officer and his involvement in approximately 1,000 DWI investigations. We discern no abuse of discretion on this record.

C.

We turn to defendant's conditional plea agreement. We start with the well-settled principle that "a reviewing court is not free to ignore an illegal sentence." State v. Moore, 377 N.J. Super. 445 (App. Div. 2005).

We note "[t]here are two categories of illegal sentences: (1) those that exceed the penalties authorized by statute for a particular offense and (2) those that are not in accordance with the law, or stated differently, those that include a disposition that is not authorized by our criminal code." State v. Schubert, 212

N.J. 295, 308 (2012) (citing <u>State v. Murray</u>, 162 N.J. 240, 246-47 (2000)); <u>see also</u> <u>State v. Acevedo</u>, 205 N.J. 40, 45 (2011).

We consider the applicable law.

N.J.S.A. 39:4-50(a)(1)(i) [2] establishes penalties for first time offenders, and states in pertinent part:

> [A] person [who] operates a motor vehicle while under the influence of intoxicating liquor . . . [f]or the first offense: . . . shall be subject . . .to a fine of not less than $250 or more than $400 and a period of detainment of not less than 12 hours nor more than 48 hours spent during two consecutive days of not less than six hours each day . . . and the court shall order the person to forfeit the right to operate a motor vehicle . . . until the person installs an ignition interlock device in . . . [a] motor vehicle the person owns, leases, or principally operates . . . .

N.J.S.A. 39:4-50.17 governs the statutorily required interlock ignition device, and states in pertinent part:

> [I]n sentencing a first offender under subparagraph (i) of paragraph (1) of subsection (a) of [N.J.S.A. 39:4-50], . . . who was otherwise under the influence of intoxicating liquor, the court shall order, in addition to any other penalty imposed by that section, the installation of an ignition interlock device in one motor vehicle owned, leased, or principally operated by the offender . . . which shall remain installed for three months.

---

[2] N.J.S.A. 39:4-50 was amended by the Legislature on December 1, 2019, and the amended statute applies here.

A-2798-22

Defendant entered the conditional plea on August 9, 2022. The part of defendant's sentence which imposed a one-day license suspension was not authorized by N.J.S.A. 39:4-50 when the municipal court approved it. Our courts may not enforce a plea agreement that results in an illegal sentence. State v. Manzie, 335 N.J. Super. 267, 278 (App. Div. 2000); State v. Nemeth, 214 N.J. Super. 324, 327 (App. Div. 1986). We may correct an illegal sentence at any time. See R. 3:21-10(b)(5); State v. Tavares, 286 N.J. Super. 610, 619 (App. Div. 1996). We do so now, vacating defendant's sentence in its entirety as illegal. It was not authorized under the amended N.J.S.A. 39:4-50(a) and N.J.S.A. 39:4-50.17.

We remand to the municipal court for defendant's resentencing in a manner consistent with this opinion.

Affirmed in part, remanded in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2798-22